D+1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

ASQUITH ROY TAFFE,

                Petitioner,

    -against-

ALBERTO GONZALES, Attorney General of the United States,

                Respondent.
----------------------------------------------------------------- X

05 CV 4834 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On October 13, 2005 petitioner Asquith Roy Taffe ("petitioner") filed an emergency request for a stay of removal in this court. For the reasons discussed below, the court dismisses petitioner's motion for lack of jurisdiction.

Under the REAL ID Act, the Court of Appeals is the "sole and exclusive means for judicial review of an order of removal." See 8 U.S.C. § 1252(a)(5) (2005). The REAL ID Act further specifies that "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); see also Marquez-Almanzar v. INS, 418 F.3d 210, 215, 216 n.6 (2d Cir. 2005). Moreover, the Court of Appeals also has authority to issue a stay of removal. See § 1252(b)(3)(B). Given that the court lacks jurisdiction to review the merits of petitioner's challenges to his deportation order and that the REAL ID Act grants authority to issue stays of removal to the Court of Appeals, this court lacks jurisdiction to review petitioner's request for a stay of deportation. Accord Puamau v. Still, No. C 05-03713 SI, 2005 WL 2988733, at *2 (N.D.

1

Cal. Nov. 7, 2005); see also Garay v. Slattery, 23 F.3d 744, 745 (2d Cir. 1994) (affirming district court's denial of petitioner's stay request, in part, because court of appeals had exclusive jurisdiction over challenges to final orders of deportation).

Given that it is unclear where petitioner's immigration proceedings took place, the court cannot transfer this motion to the appropriate Court of Appeals. Should he choose to do so, petitioner should file his motion in the Court of Appeals for the judicial circuit in which his immigration proceedings took place.

For the foregoing reasons, the court hereby dismisses petitioner's motion for a stay of his final order of deportation for lack of jurisdiction. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: January 26, 2006
Brooklyn, New York

## SERVICE LIST

*Pro Se* Petitioner:

Asquith Roy Taffe
1490 Hornell Loop, # 3H
Brooklyn, NY 11239